IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

                                 Plaintiff,

V.

THE PREMISES AND REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS LOCATED AT 1310 SPRING LAKE ROAD, IN THE TOWN OF CONQUEST, CITY OF PORT BYRON, NEW YORK, IN THE NAME OF DANIEL J. FEENEY, MORE PARTICULARLY DESCRIBED IN A DEED DATED DECEMBER 17TH, 1982 AND RECORDED IN THE CAYUGA COUNTY CLERK'S OFFICE ON DECEMBER 17, 1982 IN BOOK 653 AT PAGE 222, BEARING TAX MAP NUMBER 69.00-1-2,

                                 Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Civil Action No.
5:04-CV-1214(NAM/GHL)

NOV 17 2005

## STIPULATED SETTLEMENT AGREEMENT AND ORDER OF FORFEITURE

**IT IS HEREBY STIPULATED AND AGREED** by and between the plaintiff, United States of America, and its attorney, Glenn T. Suddaby, United States Attorney for the Northern District of New York, Thomas A. Capezza, Assistant United States Attorney, and Daniel J. Feeney, individually and through his attorney, Simon Moody, Esq. that:

**WHEREAS,** the United States of America has filed a Verified Complaint for Forfeiture against the defendant real property, in which it alleges that the defendant property was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of Title II of the Controlled Substances Act, Title 21, United States Code, §801 et seq, and

**WHEREAS,** Daniel J. Feeney is the person claiming ownership of the defendant premises and real property with buildings, appurtenances and improvements, and

**WHEREAS,** Daniel J. Feeney is not in the military service of the United States and is not an infant or incompetent person, and

**WHEREAS,** the parties are desirous of settling this matter without the need for further litigation,

**NOW THEREFORE,** the parties agree as follows:

1. Claimant, Daniel J. Feeney agrees to remit the sum of $30,000.00 to the United States of America on or before December 23, 2005.

2. The sum of $30,000.00 shall be substituted as the *res* in the action.

3. The substituted *res* of $30,000.00 shall be forfeited to the United States of America.

4. Daniel J. Feeney relinquishes and agrees to forfeit all of his right, title and interest in the substituted *res* of $30,000.00.

5. The United States Marshals Service for the Northern District of New York shall be directed to dispose of the substituted *res* of $30,000.00 in accordance with law.

6. If Daniel J. Feeney fails to remit the sum of $30,000.00 to the United States of America on or before December 23, 2005, he then hereby consents to the entry of a judgment of forfeiture against the defendant premises and real property with buildings, appurtenances and improvements located at 1310 Spring Lake Road, Port Byron, New York and said defendant property shall, upon entry of such a judgment submitted by the United States, be forfeited to the United States of America for disposition in accordance with law.

7. Upon the United States receiving the substituted *res* ($30,000), the United States of America will release its Lis Pendens which was filed with the Cayuga County Clerk under Index No. 04-884 (Book YY at Page 287-89).

2

8. If the defendant real property with buildings, appurtenances, and improvements located at 1310 Spring Lake Road, Port Byron, New York is used by claimant and/or claimant allows its use by anyone else for illegal purposes, this would constitute a breach of this agreement that would lead to the entry of a judgment of forfeiture against the defendant premises and real property located at 1310 Spring Lake Road, Port Byron, New York and said defendant property shall, upon entry of such a judgment submitted by the United States, be forfeited to the United States of America for disposition in accordance with law.

9. The terms and conditions herein represent the whole and complete agreement between the parties, and no other terms, conditions, previous agreements, or memoranda will be demanded, excepted, requested or performed by the parties.

10. The plaintiff and claimant agree that the settlement of this action upon the terms and conditions set forth herein shall be in full satisfaction of any and all civil claims, including those that the claimants had, have or may have against the United States of America, the Department of Justice, the Drug Enforcement Administration, and the Cayuga County Sheriff's Department, its agents, servants and/or employees, arising out of the incidents giving rise to this action, including but not limited to the seizure of the defendant premises and real property, which is the subject of this action.

11. Neither the plaintiff nor the claimant shall be liable for an award of costs and/or attorneys fees against the other in this action and both parties hereby waive any right they have, had or may have had to seek costs and/or attorney's fees arising out of this action.

3

12. This Court shall retain jurisdiction in the cause for the purpose of enforcing the terms of this agreement.

GLENN T. SUDDABY
UNITED STATES ATTORNEY
Northern District of New York

Dated: 11/2/05

*Thomas A. Capezza*
Thomas A. Capezza
Assistant U.S. Attorney
Bar Roll No. 503159

Dated: 10/31/05

*Daniel J. Feeney*
Daniel J. Feeney
Claimant

Williams, Heinl, Moody & Buschman
Attorneys for Claimant

Dated: 10/31/05      By: *Simon Moody*
Simon Moody
Bar Roll No. 507415

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS COURT** having before it the Stipulated Agreement of the parties to the above-referenced action, and the parties having agreed to its terms as indicated by their signatures, it is hereby

**ORDERED**, that Daniel J. Feeney shall remit the sum of $30,000.00 to the United States of America on or before December 23, 2005, and it is further

**ORDERED**, that the sum of $30,000.00 shall be substituted as the _res_ in the action, and it is further

**ORDERED**, that the substituted _res_ of $30,000.00 shall be forfeited to the United States of America, and it is further

**ORDERED**, that Daniel J. Feeney relinquishes and agrees to forfeit all of his right, title and interest in the substituted _res_ of $30,000.00, and it is further

4

**ORDERED**, that the United States Marshals Service for the Northern District of New York is directed to dispose of the substituted *res* of $30,000.00 in accordance with law, and it is further

**ORDERED**, that if Daniel J. Feeney fails to remit the sum of $30,000.00 to the United States of America on or before December 23, 2005, the Court shall enter a judgment of forfeiture, as submitted by the United States Attorney's Office, against the defendant premises and real property, with buildings, appurtenances and improvements located at 1310 Spring Lake Road, Port Byron, New York and said defendant property shall be forfeited to the United States of America for disposition in accordance with law, and it is further

**ORDERED**, that if claimant, Daniel J. Feeney uses, and/or allows anyone else to use, the premises and real property with buildings, appurtenances and improvements located 1310 Spring Lake Road, Port Byron, New York for illegal purposes, this will constitute a breach of this agreement and the Court shall enter a judgment of forfeiture, as submitted by the United States Attorney's Office, against the defendant premises and real property, with buildings, appurtenances and improvements, located at 1310 Spring Lake Road Port Byron, New York and said defendant property shall be forfeited to the United States of America for disposition in accordance with law, and it is further

**ORDERED** that upon written notice from the United States Attorney's Office, that claimant, Daniel J. Feeney has paid the $30,000.,00 substituted *res*, as set forth above, the Clerk of Cayuga County shall release the Notice of Pendency filed in this action under Index Number 04-884 (Book YY at Page 287-89), and it is further

**ORDERED**, that neither the plaintiff nor the claimant shall seek or be liable for an award of costs and/or attorneys fees against the other in this action, and it is further

**ORDERED** that upon notification that all terms of the stipulation have been satisfied, the Clerk of the Court shall enter judgment of forfeiture of the substituted _res_ in the amount of $30,000,00 to the United States of America in accordance with the terms of this Order.

Dated: November 17, 2005

_____
HONORABLE GEORGE H. LOWE
U.S. MAGISTRATE JUDGE